UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHESMAN ROMAIN,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN, CENTRAL VALLEY ANNEX<br>DETENTION FACILITY, *et al.*,<br><br>        Respondents. | Case No.  1:26-cv-04154   (VC)<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: Dkt. No. 1 |

Petitioner Chesman Romain filed a Petition for Writ of Habeas Corpus (Dkt. No. 1) seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). He raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders—a fact that Respondents candidly acknowledge. Fleeing Haiti, Petitioner entered the United States on March 8, 2024, and was taken into custody by the Department of Homeland Security ("DHS"). Dkt. No. 1 ¶ 2. Following his entry, he was paroled into the country pursuant to 8 U.S.C. § 1182(d)(5)(A). *Id*. After his release, Petitioner applied for asylum and was authorized to work by USCIS. *Id*. On December 29, 2025, ICE officers detained Petitioner in Florida following an arrest for resisting an officer without violence. *Id*. ¶ 3. He has now been detained for nearly seven months.

Many prior orders within this district and throughout the Ninth Circuit are dispositive on the issues raised in the Petition. *See, e.g.*, *Fernandez Lopez v. Wofford*, No. 1:25-CV-01226-KES-SKO (HC), 2025 WL 2959319 (E.D. Cal. Oct. 17, 2025); *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094 (E.D. Cal. 2026); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025);

*Marin v. Warden of Golden State Annex*, No. 1:26-CV-04316 (VC), 2026 WL 1871026 (E.D. Cal. June 29, 2026); *Maldonado Rojas v. Warden of the Golden State Annex*, No. 1:26-CV-04315-NW, 2026 WL 1871025 (E.D. Cal. June 29, 2026); *Ji v. Noem*, No. 1:26-CV-01186-DJC-CSK, 2026 WL 485287 (E.D. Cal. Feb. 20, 2026); *Noori v. LaRose*, 807 F. Supp. 3d 1146 (S.D. Cal. 2025); *Rodriguez Cabrera v. Mattos*, 808 F. Supp. 3d 1159 (D. Nev. 2025). For the reasons stated in those cases, Petitioner is entitled to relief. Respondents did not provide Petitioner with notice and an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, prior to revoking his release. Petitioner has a clear liberty interest in his continued freedom. *See R.A.N.O.*, 820 F. Supp. 3d at 1103 (finding protected liberty interest where petitioner was previously released on parole under § 1182(d)(5)(A)). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Respondents filed an answer to the petition candidly acknowledging the "the cases to the contrary in this District[,]" but maintaining (1) that Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b), and that (2) Petitioner's period of release was terminated due to his encounter with law enforcement. Dkt. No. 7 at 2–3. Respondents' argument with respect to § 1225(b) has been rejected by countless courts throughout this circuit, and the Court does the same here. *See, e.g.*, *R.A.N.O.*, 820 F. Supp. 3d at 1103 (explaining that Petitioner still retained a protected liberty interest, and was entitled to due process when re-detaining petitioner); *Fernandez Lopez*, 2025 WL 2959319 at *4 (similar); *Rodriguez Cabrera*, 808 F. Supp. 3d at 1169 (noting that courts have overwhelmingly rejected this application of § 1225); *Noori*, 807 F. Supp. 3d at 1168 (finding § 1225 inapplicable because petitioner was no longer an "arriving alien" and had been paroled into the country).

As to Respondents' second argument, the government cannot summarily revoke an individual's parole status without offending due process. *See Velasquez-Chinga v. Noem*, No.

2

3:26-CV-00105-RBM-KSC, 2026 WL 311507, at *3 (S.D. Cal. Feb. 5, 2026) (collecting cases finding that revocation of parole without any process was unlawful); *Mendez Oreilly v. Blanche*, No. 2:26-CV-00278-GMN-EJY, 2026 WL 1031192, at *3–5 (D. Nev. Apr. 16, 2026). The record here indicates that Petitioner was detained in December 2025, but that his parole was summarily revoked four months later while he remained in detention. Dkt. No. 7-1 at 3. He was not, however, provided notice of this revocation, nor a pre-deprivation hearing before a neutral arbiter. "Respondents have offered no basis to show that Petitioner's [arrest] … or the circumstances of that state criminal matter justified re-detaining Petitioner for more than five months without any hearing to assess whether detention was needed or even justified." *Diaz Montesino v. Mullin*, No. EDCV 26-2211-AS, 2026 WL 1370143, at *4 (C.D. Cal. May 13, 2026) (finding release appropriate where § 1182(d0(5)(A) parolee was re-detained following an arrest for armed trespass without a pre-deprivation hearing); *see also Kandola v. Warden, Cal. City Det. Facility*, No. 1:26-CV-02714-DAD-SCR, 2026 WL 1243464, at *2 (E.D. Cal. May 6, 2026), *report and recommendation adopted*, No. 1:26-CV-02714-DAD-SCR (HC), 2026 WL 1363087 (E.D. Cal. May 15, 2026) ("Petitioner's 2025 conviction and re-detention immediately upon release from jail does not diminish [his] liberty interest."); *Ortiz v. Warden, Cal. City Corr. Ctr.*, No. 1:26-CV-02876-KES-SAB (HC), 2026 WL 1104037, at *1 (E.D. Cal. Apr. 22, 2026) ("While petitioner's misdemeanor conviction may be relevant to a neutral decisionmaker's determination at a bond hearing, it does not eliminate petitioner's due process right to such determination."). Petitioner should have been afforded the opportunity to challenge the basis for his detention prior to revocation of his parole.

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is GRANTED.  Respondents are ORDERED to immediately release Petitioner from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing

the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present. This Order does not address the circumstances under which Respondents may re-detain Petitioner if he becomes subject to a final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: July 23, 2026

_____

VINCE CHHABRIA
United States District Judge